IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MOHAMED ABDUBA DIDA,
#Y51285,

        Plaintiff,

v.

KIMBERLY HVARRE, and
ROSA,

        Defendants.

Case No. 24-cv-00714-SPM

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

    Plaintiff Mohamed Dida, an inmate of the Illinois Department of Corrections (IDOC) who is currently incarcerated at Big Muddy Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

    In the Complaint, Plaintiff states that at the time of his arrest in 2021, he was beginning to take classes in a psychology doctoral program. (Doc. 1, p. 6). To continue participating in the program, computer and internet access is required. Plaintiff needs the internet to conduct research

and submit research papers via his online account. Many of the books that Plaintiff needs to complete his studies are only available for purchase online. (*Id.*). Although Big Muddy Correctional Center allows friends and family members to mail inmates books purchased online, this option is not available to Plaintiff. (*Id.* at p. 7, 24). He only has one family member who cannot read or write English, and he is unable to trust his friends to purchase his books if he sends them money. (*Id.* at p. 7). Since his incarceration, Plaintiff has "begged prison authorities for computer services," but his requests have been denied. Plaintiff asked Rosa, the library associate, to purchase books for him online, and she said she had no authority to do so. (*Id.*).

Plaintiff seeks assistance from the Court to facilitate the purchasing of books through library services at Big Muddy Correctional Center. (Doc. 1, p. 8). He also asks that he be allowed to use a computer to contact the university and perform research for his post-graduate studies. (*Id.*).

## DISCUSSION

Plaintiff has failed to state a constitutional claim against both defendants – Warden Hvarre and Library Associate Rosa. As Plaintiff has recently been advised in another one of his federal civil cases, "there is no Fourteenth Amendment property or liberty interest in attending education, vocational, or rehabilitative courses while in prison, and institutions are not constitutionally required to provide these programs to inmates." *Dida v. Hvarre,* No. 24-cv-00283-MAB, Doc. 9 (S.D. Ill. July 8, 2024) (citing *Zimmerman v. Tribble,* 226 F.3d 568, 571 (7th Cir. 2000); *Higgason v. Farley*, 83 F.3d 807, 809 (7th Cir. 1996); *Garza v. Miller,* 688 F.2d 480, 486 (7th Cir. 1982)). Nor does he have a constitutional right to have access to a computer or to force the state to purchase certain books on his behalf so that he can participate in university courses. *See Lehn v. Hartwig,* 13 F. App'x 389, 392 (7th Cir. 2001) (citations omitted). Furthermore, "'[t]he Eighth Amendment…does not compel prison administrators to provide general educational programs for

inmates.'" *Dida v. Hvarre,* No. 24-cv-00283-MAB, Doc. 9 (quoting *Johnson v. Randle*, 451 F. App'x 597, 599 (7th Cir. 2011)).

Accordingly, Plaintiff has failed to plead facts from which the Court can infer that Defendants deprived him of a constitutional right by denying him access to a computer so that he could participate in a doctoral program while incarcerated, and the Complaint will be dismissed.

When a complaint fails to state a claim upon which relief may be granted, the plaintiff is ordinarily given an opportunity to amend the complaint in order to correct the deficiencies. *See* FED. R. CIV. P. 15(a). However, leave to amend need not be granted if it is clear that any amendment would be futile. *See Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021); *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013); *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994). As explained above, there is no constitutional support for a prisoner's claim that he is unable to continue with his doctoral program due to being denied computer access. Accordingly, the Court finds that any amendment of Plaintiff's claims in this action would be futile. The dismissal of this case will be with prejudice and without leave to amend.

## DISPOSITION

This case is **DISMISSED with prejudice** for failure to state a constitutional claim upon which relief may be granted. The Court counts the dismissal of this action as one of Plaintiff's three "strikes" within the meaning of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll (suspend) the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight

(28) days after the entry of the judgment, and this 28-day deadline cannot be extended. If the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."

A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F. 3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED:   July 10, 2024**

 *s/Stephen P. McGlynn*  
**STEPHEN P. MCGLYNN**  
**United States District Judge**