IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MOHAMED ABDUBA DIDA,** | |
| **Plaintiff,** | |
| v. | Case No. 24-cv-00714-SPM |
| **KIMBERLY HVARRE, and ROSA,** | |
| **Defendants.** | |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a motion for reconsideration filed by pro se Plaintiff Mohamed Abduba Dida. (Doc. 14).

Plaintiff Dida, an inmate of the Illinois Department of Corrections, initiated this case on March 12, 2024. In the Complaint, Plaintiff claimed that his requests for computer services have been denied by staff at Big Muddy Correctional Center, where he is currently incarcerated. (Doc. 1). He stated that computer access is necessary for him to complete post-graduate studies that he commenced prior to his incarceration. Plaintiff sought assistance from the Court to facilitate the purchase of certain books that are only available for purchase online and to order that he be allowed to regularly use a computer to contact the university and perform research for his courses. Based on the facts alleged, the Court dismissed Plaintiff's case with prejudice because he had failed to plead a constitutional violation. (*See* Doc. 12). The Court found that there is no constitutional right to access a computer or participate in educational programs. (*Id.* at p. 2). Judgment was entered on July 10, 2024. (Doc. 13).

On July 16, 2024, Plaintiff filed the motion for reconsideration currently before the Court.

(Doc. 14). In the motion, Plaintiff provides the Court additional facts stating that (1) correctional facilities offer education programs to all inmates; (2) inmates enrolled in these programs may access computers; (3) educational programs are to be provided without discrimination of race, color, national origin, gender, or disability; (4) books are available online at the library after authorization by the warden or another administrative officer; and (5) Big Muddy River Correctional Center allows inmates to participate in correspondence courses in accordance with IDOC Administrative Directive 04:05:101. Plaintiff further explains that one of his civil cases was severed into seven separate lawsuits, and he became overwhelmed with litigating all of his cases. He argues that many of his constitutional rights were and are being violated, but with more time, he will be able to "shed more light" on the claims in this case.

The Federal Rules of Civil Procedure do not explicitly contemplate motions to reconsider. Nevertheless, the Seventh Circuit has approved of district courts construing motions pursuant to the standards set forth in Federal Rule of Civil Procedure 59(e) or 60(b) if it appears that a party is requesting relief available under those Rules. *United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992). A motion under Rule 59(e) must be filed "no later than 28 days after the entry of judgment to be timely. This time limit is unyielding." *Banks v. Chi. Bd. of Educ.*, 750 F. 3d 663, 666 (7th Cir. 2014) (citations omitted). The Court cannot extend the 28-day deadline imposed by Rule 59(e). *Id*. (citing FED. R. CIV. P. 6(b)(2); *Justice v. Town of Cicero*, 682 F. 3d 662, 664-65 (7th Cir. 2012)). When a motion to reconsider is filed more than 28 days after the entry of judgment, the Court is to treat the motion as filed under Rule 60(b). *Id*. Because Plaintiff's motion was filed within 28 days of the entry of judgment, if could procedurally qualify as either a motion to alter or amend under Rule 59(e) or as a motion for relief from judgment under Rule 60(b).

Rule 59(e) permits a court to amend an order or judgment only if the movant demonstrates a manifest error of law or fact, or if the movant presents newly discovered evidence that was not

previously available. *Willis v. Dart*, No. 16-1498, 671 F. App'x 376, 377 (7th Cir. Dec. 9, 2016) (quoting *Gonzalez–Koeneke v. W.*, 791 F.3d 801, 807 (7th Cir. 2015)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted).

Rule 60(b) sets forth a more exacting standard than Rule 59(e), although it permits relief from a judgment for a number of reasons, including mistake or "any other reason justifying relief from the operation of judgment." FED. R. CIV. P. 60(b). Relief under Rule 60(b) is an extraordinary remedy and is only granted in exceptional circumstances. *McCormick v. City of Chi.*, 230 F.3d 319, 327 (7th Cir. 2000). Under either Rule, "Reconsideration is not an appropriate forum for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

Plaintiff's reasons for reconsideration fail under the standards of both Rule 59(e) and Rule 60(b). The additional information provided by Plaintiff is not newly discovered evidence and does not show a mistake of law or fact. The Court does not dispute that many correctional facilities offer educational programing, and some programs may allow computer access or the opportunity to take classes via correspondence. The Constitution, however, does not mandate that correctional facilities provide educational programs and even though there is an administrative directive allowing for participation in courses via correspondence, this state regulation does not create a protected liberty interest. *See Zimmerman v. Tribble,* 226 F. 3d 568, 571-72 (7th Cir. 2000) (no liberty interest in admission to an educational program even if the program allows for potential sentence credit). Therefore, Defendants' conduct as described – denying Plaintiff computer access and the ability to participate in a specific post-graduate program of his choosing – does not violate the Constitution. As been noted in Plaintiff's other case *Dida v. Hvarre*, no amount of additional

time or legal advice would enable Plaintiff to state a viable constitutional claim "when the prevailing and well-established law is against him." *Dida v. Havarre,* No. 24-cv-00283-MAB, Doc. 14, p. 4 (S.D. Ill. July 24, 2024).

Plaintiff has not shown any mistake of law or fact, or presented any newly discovered evidence, that would entitle him to an altered or amended judgment under Rule 59(e). Nor has he stated any grounds for relief within the scope of Rule 60(b). The Court correctly dismissed this case pursuant to 28 U.S.C. §1915A, and the motion for reconsideration is **DENIED.** (Doc. 14).

Plaintiff's filing of his motion within the time limit for a Rule 59(e) motion suspended the 30-day deadline for filing a notice of appeal following the dismissal of the case. FED. R. APP. P. 4(a)(4). Now that the motion has been denied, if Plaintiff wishes to appeal the dismissal of his case, his notice of appeal must be filed with this court within thirty days of the entry of this order. FED. R. APP. P. 4(a)(1)(A) and (a)(4)(A)(iv); *York Group, Inc. v. Wuxi Taihu Tractor Co., Ltd.*, 632 F.3d 399, 401 (7th Cir. 2011). A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7 Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." 28 U.S.C. §1915(g).

**IT IS SO ORDERED.**

**DATED:   July 26, 2024**

                                               *s/Stephen P. McGlynn*
                                               **STEPHEN P. MCGLYNN**
                                               **United States District Judge**